23-2199 Lisely Cardona-Ramirez et al. v. Merrick B. Garland Mr. Wickmer Thank you. May it please the Court, my name is Timothy Wickmer. I represent the petitioners, Lisely Cardona-Ramirez and her children. Any reference to the main petitioner, we are maintaining all of our arguments for all of them. We would ask the Court to vacate the decision of the Board of Immigration Appeals. And this case should, at a minimum, be remanded for a consideration and a discussion and an opinion that could be reviewed by this Court on the issue of the Convention against Torture Relief. Also, the petitioner has established that she has suffered past persecution and has a well-founded fear of future persecution on account of a protected ground and should be granted asylum. So the case should be remanded for consideration of that in the exercise of discretion, as well as she has established clear probability of persecution for similar reasons for normal withholding. First of all, withholding under the Convention against Torture Relief was denied by the immigration judge, but the Board of Immigration Appeals says that it was waived because it was withdrawn at trial and not argued on appeal. And this is not consistent with the record. It's absolutely inconsistent with the record. There's one statement in the immigration judge's oral decision where he says that at some point Convention against Torture Relief was withdrawn. However, in that very same statement, before he says that, and this is a quote, this is on our addendum page A6, the Court has also considered her application as a request for protection from removal under Article III of the United Nations Convention against Torture. So it's contradictory on its face. Then, after the fact, in the judge's written orders, he didn't write one order, he had to write three for three separate respondents. In that case, all of them, there's a box for whether Convention against Torture Relief was granted, withdrawn, or denied. He didn't check withdrawn, he checked denied, and he did so three times. So for the government to say that that matter was withdrawn is factually incorrect. Therefore, there's no, but the government's own brief in this case. Has there actually been a ruling on the petition for CAT relief? The judge issued an order denying it. The BIA said that it had been withdrawn. But that's, it's plain error. Because the judge denied it. The government's own brief in this case, on page 31, note 7, it practically calls for remand itself because it says there's nothing here for the court to review. That's because the BIA didn't review it. The petitioner did not weigh this issue on appeal because the relief had been denied by the judge. The government's own brief to the BIA didn't argue that it had been withdrawn. It said it was properly denied. So there was no way to approach this issue. There was no reason to address the BIA and say, hey, we didn't withdraw this because it was denied by the IJ. It was argued in front of the BIA, and it was argued by the government in front of the BIA. Furthermore, the application itself, I'm going to cite the administrative record. The lawyer, there was nothing in the record where the lawyer said they withdrew anything. They said there was one minor correction on page 5 of the I-589 as administrative record 241. But there were two changes there. So Convention Against Torture Box was knocked out. So what's the evidence for specifically persecution, that persecution occurred and that it's likely to occur should she be returned to? Sure. I'm happy to address it, and I think it's important because we don't know what the board considered because it didn't consider it. So we don't have a record from the board. We don't have a record from the judge of discussing it. But the evidence is her husband was savagely beaten because he had a run-in with a gang leader while he was serving in a governmental capacity as serving him a summons. He was beaten so severely it required major hospitalization. He has health problems to this day. He had his own trial for asylum. He had trouble getting through it without becoming physically ill, vomiting, things like that. Then after that happened, she was threatened by the same person with his hand on his machete. And she took that as a threat against her physically, obviously. Her home was broken into. She tried to move away. She lived in a place about three hours away. These are all actions taken by persons who weren't part of the government, correct? Yes, but they went to the police on two occasions, and the police did nothing. And, of course, this is something that the government could argue and the board could consider of whether there was a willful blind eye or government acquiescence by a low-level public official. But we don't know what they thought about that issue because they didn't issue any substantive discussion of convention against torture in their opinion. This is a clear violation of the Due Process Clause. This court's jurisprudence in Alcurry v. Ashcroft and Toon v. Gonzalez, it makes it very clear we have a right to a fundamentally fair hearing. And this hearing is not fundamentally fair if there's no discussion of one of the forms of relief asked for and no discussion about whether it should be granted or why it's not being granted. It says denied. The Boxer Convention against Torture was unchanged on page 1 of our 589. That's on Administrative Record 237. Also on page 6, there's a question, are you afraid of being subject to torture in your home country? The answer was yes, and that was unchanged. So to say that the one correction made by the attorney below on page 5, which included two changes, one was they withdrew political opinion as a reason. But there are two changes, but that's contradicted on the form itself. It's contradicted in the judge's oral decision. It's contradicted in the judge's written decision for all three respondents below. In the immigration judge decision, the judge makes reference to the fact that at the beginning of the hearing, the CAT claim was withdrawn. The judge does say that, but there's nothing on the record withdrawing. Well, let me finish my question. Oh, I'm sorry. Now, the judge makes that statement. Do you agree that as you go further into the order of the immigration judge, the CAT claim is not addressed? I agree that the CAT claim is not adequately addressed, but it was denied in the written orders. And also, he says that he considered it in the same oral decision where he makes that comment that at the beginning of the hearing, it was withdrawn, and there's nothing in the record showing it was withdrawn. There's contradictory evidence that shows, in fact, it wasn't withdrawn. I mean, there's more evidence in this record that it wasn't than that it was. And as far as the government claiming that we're raising this for the first time on appeal, and that's why the BIA wouldn't consider it. Well, the other thing I would like to hear your response to is the fact that in the decision of the Board of Immigration Appeals, one of the statements made is that the respondent does not dispute that the immigration judge found that the CAT claim had been withdrawn. And they make a citation to respondents' brief, pages 10 through 12. How would we treat that? Because the first time it became apparent that the agency considered it to be definitively withdrawn was at the BIA level. We didn't mention it in our brief there because the judge actually considered it, as he said, and denied it, as he wrote. Also, the government's own counsel in their brief never said, hey, why are they arguing this? It was withdrawn in trial. They didn't make that argument. So it's like it's evidence it wasn't an issue because they themselves didn't even raise it until this level as well. Only the BIA's decision itself tipped us off that they thought that way. And that's not supported by the record. I would like to reserve time. Well, is there evidence in the record of a risk of torture? Yes, there is evidence of risk of torture. At the acquiescence of the government? It can be established by country conditions, which are in the record. It can be established by past treatment of her, which, though at the hands of a private actor, could plause. It's at least colorable that it was done with the acquiescence or blind eye of at least a low-level public official, which is all that's required under a circuit precedent. In other words, maybe it wins, maybe it doesn't. But how can we know unless they issue a decision? Thank you. Thank you, Mr. Whitmer. Mr. Durant. Good morning. May it please the Court. Before I start, Judge Woolman, thank you for your years of service, sir. Thank you. Edward Durant for the United States. There's two issues here, whether or not Petitioner demonstrated that she rates asylum or withholding of removal, and whether or not the Board reasonably determined that she abandoned her CAT claim. With respect to the asylum claim, Petitioner never demonstrated past persecution. The Court is well aware of what that means. And here we have three incidents. One is in 2011 with a chance encounter with a gang member who beat up her husband a year before, before he fled to the United States. It seemed that they were in a market. They approached each other. He never threatened her. He put his hand on a machete that he had, but there was no threat whatsoever. There was another incident months later when she moved three hours away. Her home was broken into. Petitioner would like to attribute that to the gang member, but there's no evidence of that. It could have been random kids. It could have been criminality. But there's nothing persecutory about it. And I would submit that if a high-level gang member is going to travel three hours to make a statement, it's not just going to be to break in a house and rifle around. And the agency and administrative judge so found. And finally, there was an incident, I believe in 2014, where Petitioner indicated that her dogs had been poisoned, and she again wants to attribute that to the gang member. Again, there's no proof. But in her written statement, she does attribute that her older brother was having some land disputes. So it's possible that it could be that. In any event, Petitioner believes that the gang member was a part, but that conclusion is not compelled. Maybe, but certainly not compelled. Similarly, the threat from the gang member, whatever that was, we don't know what it was. Threats at times can be considered persecution, but they have to be so severe that they cause some kind of harm. And we don't have that here. We have a run-in with a gang member, kind of a dust-up, both parties leave, and that's it. And that was in 2011, over a decade ago. With respect to well-founded fear of persecution, since Petitioner has not demonstrated past persecution, she must show that her fear is subjective and objectively reasonable. Of course, she was found credible. She may believe that she's going to be harmed if she goes back to Guatemala, but that is not objectively reasonable. She hasn't presented credible, direct, or specific evidence of a well-founded fear of harm in Guatemala. All we have is one incident with a gang member back in 2011. We don't even know if he's still alive. We don't even know if he still exists. So with respect to asylum and withholding, certainly Petitioner may disagree, but if you look at the evidence on this record, a contrary result is not compelled by any means. With respect to the second issue, whether or not Petitioner abandoned her cat claim, the government state that it's clear that she did. During the oral decision, the immigration judge said, on page 85, if I can get to it. I apologize, page 86. At the beginning of today's hearing, respondent informed the court that she is not seeking to base her claim on either political opinion or making a claim under the torture convention, and that she was going to focus her claim solely on membership on a particular social group. That's not something that could be missed by any party. In fact, if you look at the end of the oral decision on page 88, there is no cat determination. And this would have been read to the parties during the hearing. The judge renders his oral decision. At no point did Petitioner's counsel say, hey, wait a second, there's a bit of an ambiguity there. There is no cat claim. And I've gone through the entire record, because if I found anything, I wouldn't have been here. At the beginning of the hearing, the judge says, we're here to talk about asylum and withholding. Cat is never mentioned whatsoever. Throughout the hearing, the word torture in the merits hearing is never mentioned. It's not there. It doesn't exist. Nor does her claim of asylum based on a political ground. And you see the two tick marks in her asylum claim. Both cat and political opinion have been taken off. That's evidence. Now, in his written decision, the judge does put denied. At best, I can say that's a Scrivener's error. I don't know why that is there. But as I go back and look at the record, she didn't advance a cat claim. The judge clearly said it was abandoned. And Petitioner never, ever said a thing when the judge announced this quite clear holding on the record. Now, in her appeal to the Board of Immigration Appeals, Petitioner advances the cat claim, perhaps just going on the coattails of the judge's decision, perhaps getting a free ride. But at no point does she say, I know he said this in the oral decision, which they would have had. And for that reason, they didn't exhaust it before the board. So the board was correct. It was reasonably discerned to find that that claim was abandoned. I mean, it's not there in the record. And I've looked. There's nothing with respect to that. So while the record is unclear and while it's far from perfect, there is no due process violation. There is no fundamental unfairness. And the court can reasonably discern what the board and what happened on the record. If there are no further questions, that will conclude my presentation. Thanks so much. Thank you, Mr. Dore. Thank you. May it please the court. The oral decision that he references, you can't interrupt a judge's oral decision on the record. It's not the time to make the objection. Besides, if you could, the department did not object when the judge said, before he said the other thing, he said the court has also considered application as a relief under the Torture Convention claim. He said it in the oral decision. So it's all there. If you read our argument in the brief on this, all the citations would take too long for my rebuttal time, but there are many places. Why did they argue the substance of Catt on appeal to BIA if they thought it was withdrawn? They didn't mention it. They didn't think it was withdrawn. Finally, consider all of the instances of harm past persecution in the aggregate according to BIA and a circuit case law, and you'll find that there's a case made for the well-founded fear. Finally, if I can address Judge Wolman. Judge, since I have the personal honor to be the last person to make an argument in front of you, I'm not saying this is an honor for you, but I consider it an honor for me, and thank you very much. Thank you. Mr. Wickman. The court appreciates the work of both counsel in getting prepared and presenting argument to us today. We will continue to study the briefing in the matter and render a decision.